IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LARRY DAVID DAVIS                                               PLAINTIFF

v.                      Civil No. 6:18-CV-06024

DETECTIVE BRIAN DANIEL,                                DEFENDANTS
DETECTIVE RUSSELL, KIM GIELS and
BLAKE BADSTON

**ORDER**

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

Plaintiff filed his Complaint on March 6, 2018. (ECF No. 1). Plaintiff was directed to file an Amended Complaint, and did so on March 21, 2018. (ECF No. 8).

For Claim One, Plaintiff alleges Defendants Daniel, Russell, and Giels "worked together decietfully [sic] to have me falsely arrested then framed me for a theft that did not happen to wrongfully convict me." Plaintiff alleges this occurred between April 17, 2017 and June 21, 2017. (ECF No. 8 at 4). Plaintiff alleges "the 2 detectives lied to Memphis authorities saying that they had my fingerprints from a store to get me across the Arkansas state line," and then brought a warrant against him for a theft at Southfork Truck Stop "that did not happen." (ECF No. 8 at 4).

For Claim Two. Plaintiff alleges the Clark County Prosecutor, Blake Badston, "gave me a 75 thousand dollar bond . . . to make sure I couldn't get out while they framed me on the made up theft of 17 thousand dollar theft from Southfork Truck Stop." (ECF No. 8 at 5).

1

Both claims arise out of the same criminal case. Plaintiff states that he was convicted of the crime alleged and sentenced to two 30-year sentences and one 15-year sentence, for which he is still incarcerated. (ECF No. 8 at 4).

Plaintiff proceeds against all Defendants in their official and personal capacities. (ECF No. 8 at 4, 5). Plaintiff seeks punitive damages and injunctive relief. (ECF No. 8 at 7).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

Plaintiff's claims against Clark County Prosecutor Badston are subject to dismissal. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427. This immunity extends to

all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear Defendant Badston was acting as the prosecuting attorney at all times alleged in the complaint. Accordingly Defendant Badston is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit).

Further, all of Plaintiff's are barred by the *Heck* doctrine. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed. The *Heck* doctrine has been applied to bar claims for injunctive or declaratory relief and damages. *See Smith v. Norris*, 40 Fed. App'x. 305 (8th Cir. 2002) (unpublished); *Rosendahl v. Norman*, 242 F.3d 376 (8th Cir. 2000).

Here, all of Plaintiff's claims are based on an underlying arrest and prosecution for which he was convicted and sentenced. He has not alleged that his conviction was favorably terminated and in fact acknowledges he is still serving the sentence for the conviction at issue. His claims are therefore *Heck*-barred.

3

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 4th day of April 2018.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE